[No. 23780. Department Two. July 19, 1932.]

G. E. LOVELL, *Respondent*, v. SPOKANE COUNTY, *Appellant.*[1]

*Chas. W. Greenough* and *A. O. Colburn,* for appellant.

*G. E. Lovell,* for respondent.

[1]Reported in 13 P. (2d) 59.

BEALS, J.—During the month of September, 1931, the sheriff of Spokane county distrained seventy-eight washing machines belonging to the plaintiff, G. E. Lovell, under a personal property tax levied against the Domestic Appliance Co. Mr. Lovell paid under protest the amount of the tax claimed by the county in the sum of $220.43, and brought this action for the purpose of recovering judgment for the amount which he had paid. The action was tried to the court sitting without a jury, and, from a judgment in favor of plaintiff, defendant appeals.

There is little, if any, dispute in the testimony, the following being a brief statement of the facts: During the year 1923, one W. P. Farnon was doing business in Spokane county as a dealer in washing machines, under the trade name of Domestic Appliance Co. Sometime in the course of the year 1925, Mr. Farnon, together with plaintiff and a Dr. Hewitt, organized a corporation under the name of Farnon Sales Company, Mr. Farnon taking half the stock, the other incorporators one-fourth each. Mr. Farnon testified that the Farnon Sales Company purchased washing machines in carload lots and sold them to Mr. Farnon (who continued doing business under the trade name of Domestic Appliance Co.), he in turn retailing the machines and turning over to the corporation the contracts which he received therefor. Respondent kept the accounts of the corporation and of its dealings with Mr. Farnon.

Personal property taxes were regularly assessed against Domestic Appliance Co. for the years 1928 and 1929 on account of property which Mr. Farnon owned, consisting of a motor delivery truck, office furniture and washing machines, the latter appliances constituting the principal portion of the property which was the subject of the tax. Mr. Farnon signed the return

for the year 1928, and Mr. Lovell that for the following year, both schedules clearly indicating that the property was listed as that of Domestic Appliance Co.

During the year 1928, it was decided to liquidate the Farnon Sales Company, in which work Mr. Lovell was engaged up to approximately January 1, 1930. After the liquidation of the Sales Company, Mr. Lovell individually engaged in the business of buying and selling washing machines under the trade name of Spokane Washer Company. It was certain of the machines owned by Mr. Lovell which the sheriff distrained in the course of his attempt to collect the taxes above referred to. None of the machines seized had ever been the property of Mr. Farnon, nor were they any of the machines against which the taxes sought to be collected had been levied.

Appellant contends that it should be held, as matter of law, that the machines against which the taxes for 1928 and 1929 were levied were, in fact, the individual property of Messrs. Farnon, Lovell and Hewitt, and that each one of these persons became individually liable to the county for the entire tax, and that, therefore, respondent's property was subject to distraint therefor. It is, of course, true that Mr. Farnon used "Domestic Appliance Co." as a mere trade name, but it appears from the record that Farnon Sales Company was a regularly organized corporation, engaged in a perfectly legitimate business, which it carried on in a legal manner.

The county assessed certain property as belonging to Domestic Appliance Co., which was simply Mr. Farnon. Assuming that some of this property should have been assessed to Farnon Sales Company, and assuming that respondent was the manager of this corporation and Mr. Farnon its sales agent, we find no basis in the record which supports appellant's con-

tention that respondent ever became individually liable to appellant for the taxes which appellant, by distraining his property, forced respondent to pay. The fact that respondent signed the schedule of property for the year 1929 on behalf of Domestic Appliance Co., does not make respondent individually liable for the tax levied pursuant to such schedule. The property is therein referred to as belonging to Domestic Appliance Co., and no evidence was introduced tending to show that Mr. Lovell then or ever claimed the property or any interest therein.

It is, of course, true that the property was subject to taxation, and that the taxes levied thereon should have been paid, but we cannot agree with appellant's contention that respondent allowed the property to be sold and dispersed without seeing that the tax was paid and is, therefore, responsible to the county for the taxes.

We agree with the trial court in holding that the property against which the taxes which the county was seeeking to collect were levied, was not the property of respondent, and, the record disclosing no other ground upon which respondent can be held liable for the taxes due to appellant, we hold that respondent was not liable to appellant for these taxes, and that his property was not subject to distraint therefor. It follows that the trial court properly entered judgment in respondent's favor, and the judgment appealed from is accordingly affirmed.

TOLMAN, C. J., HOLCOMB, MAIN, and MILLARD, JJ., concur.